UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00645-FDW

| SCOTT MICHAEL COX, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| MECKLENBURG COUNTY JAIL, | ) |  |
| et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. On January 17, 2019, the Court entered an order waiving the initial filing fee and directing monthly payments be made from Plaintiff's prison account. [Doc. 7]. Thus, Plaintiff is proceeding in forma pauperis.

**I.    BACKGROUND**

Pro se Plaintiff Scott Michael Cox ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Mecklenburg County Jail in Charlotte, North Carolina. Plaintiff filed this action on December 3, 2018, pursuant to 42 U.S.C. § 1983, naming the following as Defendants: (1) Mecklenburg County Jail (the "Jail"); (2) FNU Steele, identified as a nurse at the Jail; (3) FNU Harris, identified as a nurse at the Jail; (4) FNU Squibb, identified as a nurse practitioner at the Jail; (5) FNU Brown, identified as a nurse practitioner at the Jail; and (6) Jeffrey Eason, identified as an Internal Affairs Investigator. [Doc. 1].

Although not specifically enumerated as such, Plaintiff's claim is in the nature of one for deliberate indifference to serious medical needs in violation of his Eighth Amendment. [Doc. 1].

Plaintiff alleges that he has been deprived of proper treatment for his serious medical condition, HIV. Plaintiff was arrested on September 21, 2018. Plaintiff states that there was a 10-day delay in his receiving any of his necessary HIV medication after he got to the Jail and that he has been deprived of some of his necessary medication during the duration of his incarceration. Plaintiff, however, makes no particularized allegations regarding which Defendant or Defendants allegedly withheld his medication or were responsible for any decisions relative to which medications he would receive. Plaintiff states that due to not receiving his medications properly, he is exhibiting certain signs and symptoms consistent with resistance to his medication. [Id. at 3-4]. As to Defendant Eason, Plaintiff states that his husband contacted Defendant Eason regarding the concerns over Plaintiff's medications and Defendant Eason assured Plaintiff's husband that the matter had been addressed, when in fact nothing had been done. [Id. at 7]. Plaintiff did not allege when this interaction between his husband and Defendant Eason took place.

Plaintiff seeks injunctive relief and monetary damages. [Id. at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore,

a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent

3

in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

Plaintiff alleges that for a period of at least over three months he was denied necessary medication to treat a serious medical condition. Plaintiff's Complaint, however, suffers from deficiencies. While the deprivation of medication for a serious medical condition is certainly generally sufficient to state a § 1983 claim under the Eighth Amendment, the Plaintiff has alleged no particularized conduct relative to the healthcare provider Defendants in this case. First, Plaintiff has not alleged how the various named Defendants personally participated in the alleged violations of Plaintiff's Eighth Amendment rights. It is not enough to name individuals as Defendants and then allege generally, without specific facts as to each person's conduct, that they were all deliberately indifferent to Plaintiff's serious medical needs. For a defendant to be held liable under Section 1983 in his individual capacity, the plaintiff must demonstrate that the defendant personally participated in the alleged denial of rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Rather than dismissing the Complaint, however, the Court will allow Plaintiff the opportunity to cure the defects by amending his Complaint.

In the amended complaint, Plaintiff must re-allege all of his claims against all persons he wishes to name as Defendants, and he must allege how each named Defendant personally participated in the deliberate indifference to Plaintiff's serious medical needs.  That is, Plaintiff has not alleged sufficiently in the Complaint how Defendants Steele, Harris, Squibb, and Brown each personally participated in depriving Plaintiff of his constitutional rights.  Along the same lines, it is well-settled that Defendants cannot be held liable merely by virtue of their supervisory positions.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply).  Therefore, the Court warns Plaintiff that, in his amended complaint, if any of the Defendants that Plaintiff originally named were named only in their supervisory capacity, they are subject to dismissal, unless he alleges some personal participation by any supervisors in the deprivation of Plaintiff's constitutional rights.

Further, Plaintiff should also include any available information regarding the dates or time frames in which any specific conduct took place, including the alleged interaction between Plaintiff's husband and Defendant Eason.  The Plaintiff is advised that the allegations in his original Complaint against Defendant Eason do not appear sufficient to state a claim for an Eighth Amendment violation.

The Court advises Plaintiff that his amended complaint must be complete in and of itself.  This is because the amended complaint will supersede the original complaint, meaning the original complaint will no longer have any force.  In other words, Plaintiff may not amend the complaint "piecemeal"—he simply cannot add on to what he has already alleged in the complaint.  To this extent, the Court will instruct the Clerk to mail Plaintiff a new Section 1983 form for Plaintiff to

submit an amended complaint, if he so wishes.

As to Defendant Mecklenburg County Jail, this entity is not a "person" within the meaning of Section 1983, and therefore cannot be sued in a Section 1983 action.

The Court also notes that various letters have been filed with the Court on Plaintiff's behalf by non-parties to this action. [Docs. 6, 8, 9, 10, & 11]. The Plaintiff is cautioned that only he, the Plaintiff, may file documents on his own behalf with the Court and that improperly filed letters will not be considered.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this order. Defendant Mecklenburg County Jail will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days from the date of this Order in which to amend the complaint, particularizing his claims and providing facts to support his legal claims and identifying individual Defendants subject to suit. If Plaintiff fails to amend the complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

2. The Clerk of Court is respectfully instructed to mail Plaintiff a new § 1983 form.

3. Defendant Mecklenburg County Jail is dismissed. See 28 U.S.C. §§ 1915(e); 1915A.

**IT IS SO ORDERED**.

Signed: June 17, 2019

Frank D. Whitney
Chief United States District Judge