# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-00645-FDW

| | |
|---|---|
| SCOTT MICHAEL COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| MECKLENBURG COUNTY JAIL, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983. [Doc. 13]. See 28 U.S.C. §§ 1915(e)(2); 1915A. On January 17, 2019, the Court entered an order waiving the initial filing fee and directing monthly payments be made from Plaintiff's prison account. [Doc. 7]. Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Scott Michael Cox ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Mecklenburg County Jail in Charlotte, North Carolina. Plaintiff originally filed this action on December 3, 2018, pursuant to 42 U.S.C. § 1983. On initial review of that Complaint, the Court allowed Plaintiff leave to amend his complaint to correct certain deficiencies. On July 9, 2019, Plaintiff filed his Amended Complaint. [Doc. 13]. In his Amended Complaint, the Plaintiff names as Defendants FNU Lynch, employed as a MedTech at Mecklenburg County Jail; (2) FNU McCoy, employed as a MedTech at Mecklenburg County Jail; and (3) Doe's 1-10, not further identified by Plaintiff "because whoever responds leaves off names or won't provide name tag." [Doc. 13 at 3].

Although not specifically enumerated as such, Plaintiff's claim is in the nature of one for deliberate indifference to serious medical needs in violation of his Eighth Amendment. [See Doc. 13]. Plaintiff alleges that certain members of the nursing staff at Mecklenburg County Jail have failed to consistently provide Plaintiff with life-saving antiretroviral medication to treat his HIV condition. On September 29, 2018, Plaintiff made his first request for his HIV medication and was not provided any medication until October 22, 2018. For over two months thereafter, Plaintiff was not consistently given his medication despite numerous requests. Plaintiff alleges that his laboratory results clearly demonstrate serious, adverse and measurable health consequences due to the multiple lapses in medication. [Id. at 3-4]. It is unclear from Plaintiff's Amended Complaint whether this alleged failure to provide life-saving medication persists.

Plaintiff seeks injunctive relief and monetary damages. [Id. at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear

failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md.

1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

Taking Plaintiff's allegations as true and drawing all reasonable inferences therefrom, the Court finds that the Plaintiff has stated a claim against Defendants for deliberate indifference to Plaintiff's serious medical needs in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

**IV. CONCLUSION**

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. §1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Amended Complaint [Doc. 13] survives initial review under § 1915(e) and 28 U.S.C. § 1915A.

2. The Clerk is directed to mail two summons forms to Plaintiff for Plaintiff to fill out and identify Defendant Lynch and Defendant McCoy in the summonses for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to

effectuate service upon Defendants Lynch and McCoy.

**IT IS SO ORDERED**.

Signed: July 11, 2019

Frank D. Whitney
Chief United States District Judge